# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THYSIAH B. IVY,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVITA,<br><br>  Defendant. | Case No.: 13-cv-1326 KAW<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

  Plaintiff, who is proceeding pro se and in forma pauperis, filed this case on March 25, 2013. Plaintiff has consented to the undersigned's jurisdiction. *See* 28 U.S.C. § 636(c). The Court previously dismissed Plaintiff's complaint with leave to amend. Plaintiff filed an amended complaint on June 28, 2013.

  Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6). Under this standard, Plaintiff's amended complaint must be dismissed with leave to amend, because it fails to state a claim on which relief can be granted against Defendant Davita.

  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the

elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted). Pro se pleadings are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint states that he was discriminated against on the basis of his race (black), sex (male), and age (63). His employment was terminated, and he was retaliated against for making complaints of unfair treatment at work.

In support of these claims, he pleads the following facts. He is a black male registered nurse. Many of the nurses' meetings were held without notifying him, either while he was on a break or while he was monitoring patients. His patients would be called in early without notifying him, which caused patient overloading. Many of his patients' dialysis treatments were started early without an assessment by a nurse, which caused less effective blood treatment and patient discomfort and safety issues. His patients were not covered by the staff properly while he was out on scheduled breaks. Many times his patients would become unstable related to excessive or deficient fluid adjustments. Other nurses wrote on patients' charts that they had received their medications, when they had not. Plaintiff's patients on many occasions received their medications, but the medications were not charted or reported to Plaintiff. Plaintiff would find at the end of the day that patients had been discharged without complete charting of their data. Plaintiff complained to "FA,"—the meaning of this acronym is unexplained—but his complaint was not effectively resolved. Plaintiff's dialysis stations had frequent equipment failures, and he requested to receive more detailed training on the dialysis machines. He was sent to another clinic in Pleasanton for two weeks, but the machines there were of a different

type. Plaintiff's car was vandalized several times after he had discussed performance and teamwork issues with one of the nurses who worked as a tech on his shift. Damage to his car over a period of time included: four cuts in the top of his car, screws in his tires, damage to three sets of tires in eight months, and two broken headlights.

Plaintiff complained to "personnel." They arranged a meeting to discuss his complaint on April 25, 2011. At the beginning of the meeting he was terminated. He asked why, but was not given a reason.

Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2 (West).

Importantly, Plaintiff's complaint does not explain who Defendant "Davita" is. Davita may be Plaintiff's former employer, but the Court cannot assume this fact. Plaintiff's second amended complaint shall clarify Davita's identity. In addition, Plaintiff does not identify, by name or title, the individuals at the company who discriminated against him. He does not state who he complained to, or who decided to fire him or take any other adverse action against him. These facts are critical in order to state a claim against Plaintiff's former employer. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 791-92 (1998) ("courts look to traditional principles of the law of agency in devising standards of employer liability" in Title VII cases).

Next, although Plaintiff has indicated that he was discriminated against on the basis of his race, sex, and age, he has again not alleged any facts to support these conclusions. *See Twombly*, 550 U.S. at 555 ("a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate). Plaintiff has not alleged any facts that would support the conclusion that he was terminated because of his race, sex or age. The facts currently allegedly only establish that there were a lot of problems with the way patients were treated when they came in for dialysis. No facts suggest that those problems

occurred because of Plaintiff's race, sex or age, or that his patients were treated differently than those of other similarly situated nurses based on sex, race or age.

Title VII prohibits actions taken against an employee in retaliation for opposing an unlawful employment practice, or making a charge or participating in a Title VII investigation or proceeding. *See* 42 U.S.C.A. § 2000e-3 (West). To meet the pleading standards for a prima facie claim of retaliation, Plaintiff must allege facts showing that: 1) he engaged in a protected activity; 2) his employer subjected him to an adverse employment action; and 3) a causal link exists between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). An employee's opposition to an unlawful employment practice under Title VII, or participation in a Title VII investigation, can constitute protected activity. *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997).

Here, Plaintiff has alleged that he was fired after he complained about unfair and unsafe practices at work, such as scheduling meetings without him, and failing to follow proper procedures with patients. But these unfair or unsafe activities are not discriminatory, and are not prohibited under Title VII. *See*, *e.g.*, *Lee v. Potter*, C 07-254 SBA, 2008 WL 4449568 (N.D. Cal. Oct. 1, 2008) (finding that the plaintiff had not engaged in protected activity within the meaning of Title VII where the "plaintiff engaged in activity to protest unfair employment practices, not discriminatory employment practices"). Therefore, Plaintiff has not pled sufficient facts to show that he engaged in a protected activity under Title VII.

Plaintiff may be able to amend his complaint in order to state a claim under California law for wrongful termination in violation of public policy, or under California's whistleblower statute for health care workers. *See* Cal. Health & Safety Code § 1278.5 (whistleblower protections). Because the deficiencies discussed above may possibly be cured through amendment, the complaint is dismissed with leave to amend.

Plaintiff may wish to seek free limited legal assistance from the Federal Pro Bono Project by calling the appointment line (415) 782-9000 x 8657 or signing up for an appointment in the appointment book located outside the door of the Project, located at the San Francisco courthouse on the 15th Floor, Room 2796. Appointments are held Monday through Friday at

various times throughout the day. Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.

Accordingly, it is hereby ORDERED that:

1. The complaint is dismissed with leave to amend. Within 30 days of the date of this order, Plaintiff shall file a second amended complaint curing the deficiencies noted above.

2. Failure to comply with this order may result in the dismissal of the case for failure to prosecute.

DATE: July 22, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE