UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THYSIAH B. IVY,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVITA,<br><br>    Defendant. | Case No.: 13-cv-1326 KAW<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

Plaintiff, who is proceeding pro se and in forma pauperis, filed this case on March 25, 2013. Plaintiff has consented to the undersigned's jurisdiction. *See* 28 U.S.C. § 636(c). The Court previously twice dismissed Plaintiff's complaint with leave to amend. Plaintiff filed a second amended complaint on June 28, 2013.

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's second amended complaint fails to state a claim on which relief can be granted against Defendant Davita. The Court again dismisses his complaint with leave to amend.

Plaintiff's second amended complaint does attempt to comply with the instructions in the Court's last order, as it identifies the individuals at Defendant Davita who allegedly discriminated against him. But Plaintiff's second amended complaint again fails to explain why he believes he was discriminated against based on his race, sex, and age.

Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C.A. § 2000e-2 (West).

Title VII prohibits actions taken against an employee in retaliation for opposing an unlawful employment practice, or making a charge or participating in a Title VII investigation or proceeding.  *See* 42 U.S.C.A. § 2000e-3 (West).  To meet the pleading standards for a prima facie claim of retaliation, Plaintiff must allege facts showing that: 1) he engaged in a protected activity; 2) his employer subjected him to an adverse employment action; and 3) a causal link exists between the protected activity and the adverse action.  *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).  An employee's opposition to an unlawful employment practice under Title VII, or participation in a Title VII investigation, can constitute protected activity.  *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997).

Plaintiff's second amended complaint contains conclusory allegations that he was discriminated against on the basis of his race (black), sex (male), and age (63).  He further alleges that he was the oldest staff member at his job.  But Plaintiff does not explain why he believes that he was discriminated against because of his race, sex or age.  He fails to provide any facts that show that anyone took action against him because of his race, sex, or age.  He does not allege, for example, that the people who participated in his termination made discriminatory comments to or about him, or discriminated against others on the basis of race, sex, or age.  Nor does he allege that he was fired in retaliation for complaining about discrimination.

The Court will give Plaintiff one last chance to amend his complaint.  As noted in the Court's previous order, Plaintiff may wish to seek free limited legal assistance from the Federal Pro Bono Project by calling the appointment line at (415) 782-9000 x 8657 or signing up for an appointment in the appointment book located outside the door of the Project, located at the San Francisco courthouse on the 15th Floor, Room 2796.  Appointments are held Monday through Friday at various times throughout the day.  Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.

Accordingly, it is hereby ORDERED that:

1. The complaint is dismissed with leave to amend. Within 30 days of the date of this order, Plaintiff shall file a third amended complaint, if possible, curing the deficiencies explained above. If Plaintiff is unable to file such a third amended complaint, he may also file a dismissal of the case without prejudice.

2. The case management conference currently set for August 27, 2013 is hereby VACATED.

3. Failure to comply with this order may result in the dismissal of the case for failure to prosecute.

DATE: August 16, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE