UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THYSIAH B. IVY,<br><br>   Plaintiff,<br><br>   v.<br><br>DAVITA,<br><br>   Defendant. | Case No.: 13-cv-1326 KAW<br><br>ORDER DISMISSING THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Thysiah B. Ivy commenced this action on March 25, 2013.  He has consented to the undersigned's jurisdiction.  *See* 28 U.S.C. § 636(c).  The court previously dismissed Plaintiff's original, first amended, and second amended complaints for failure to state a claim upon which relief can be granted.  For the reasons set forth below, the court dismisses Plaintiff's third amended complaint without leave to amend.

### I.   BACKGROUND

**A.   The original complaint.**

Plaintiff, who is proceeding pro se and in forma pauperis, filed this employment discrimination case under Title VII of the Civil Rights Act of 1964 on March 25, 2013.  (Compl., Dkt. No. 1.)  In the original complaint, Plaintiff checked boxes indicating that his employment was terminated on the basis of his race, color, sex, and age and in retaliation for complaints of unfair treatment.  (*Id.* at 1, 2).  In support of those assertions, Plaintiff alleged the following.  He was a "PM charge nurse."  (*Id.* at 2.)  He was the responsible clinical operator during the last

shift. *(Id.)* The nurses and staff refused to give him "complete and accurate reports and proper patient care assistance[,]" which delayed his "timely and safe patient care." *(Id.)* His "car was often vandalized at night." *(Id.)*

On April 8, 2013, the court dismissed, with leave to amend, Plaintiff's original complaint for failure to state a claim upon which relief can be granted. (April 8, 2013 Order Granting Pl.'s IFP Application and Dismissing Compl., Dkt. No. 5.) In its order, the court noted that while "Plaintiff ha[d] checked boxes indicating that h[is] employment was terminated on the basis of h[is] race, color, sex, and age . . . [he] ha[d] not alleged any facts to support these conclusions." *(Id.* at 2.)

### B.   The first amended complaint.

On June 28, 2013, Plaintiff filed a first amended complaint. (1st Amended Compl., Dkt. No. 9.) In the first amended complaint, he identified termination of employment and retaliation for complaints of unfair treatment as the bases for his suit. *(Id.* at 1, 2.) In support of those assertions, he made the following allegations. "Many of the nurse's meeting[s] w[ere] held . . . without notifying [him]," either while he was on break or while he was the only nurse monitoring patients. *(Id.*, Attachment A at 1.) His patients would be called in early without notifying him, which "caused patient overloading." *(Id.)* His patients' dialysis "treatments [were] started early without an RN assessment." *(Id.)* His "complaints to the FA w[ere] not effectively resolved." *(Id.)* He complained to personnel, who arranged a meeting, after which he was terminated. *(Id.)*

On July 22, 2013, the court dismissed Plaintiff's first amended complaint for failure to state a claim upon which relief can be granted. (July 22, 2013 Order Dismissing 1st Amended Compl. at 5, Dkt. No. 10.) In the order, the court explained that Plaintiff had not "alleged any facts that would support the conclusion that he was terminated because of his race, sex or age." *(Id.* at 3.) The court also explained that Plaintiff's allegations that he was terminated after complaining about unfair and unsafe business practices were insufficient to establish that he engaged in a protected activity under Title VII. *(Id.* at 4.) The court granted Plaintiff leave to amend his complaint. *(Id.* at 5.)

### C. The second amended complaint.

Plaintiff filed his second amended complaint on August 1, 2013. (2d Amended Compl., Dkt. No. 11.) In the second amended complaint, Plaintiff again alleged that meetings were held "without notifying" him, either while he was "out on break" or while he "was the only nurse on the floor." (*Id.*, Attachment A at 1.) He alleged that his patients' dialysis treatments "would [be] started early without an RN assessment . . . ." *(Id.)* He alleged that his "station had greater than average machine physical failures." *(Id.)* He also alleged that he was wrongfully terminated for his complaints of "unfair treatment by the staff to Michelle Jones, Troy FA, Therresa [*sic*] Deed-Williams . . . and Peter Clark . . . ." *(Id.)*

The court dismissed Plaintiff's second amended complaint on August 16, 2013. (Aug. 16, 2013 Order Dismissing 2d Amended Compl. at 2, Dkt. No. 13.) In the order dismissing the second amended complaint, the court put Plaintiff on notice that he would have "one last chance to amend his complaint." *(Id.)* The court also explained that:

> Plaintiff's second amended complaint contains conclusory allegations that he was discriminated against on the basis of his race (black), sex (male), and age (63). He further alleges that he was the oldest staff member at his job. But Plaintiff does not explain why he believes that he was discriminated against because of his race, sex, or age. He fails to provide any facts that show that anyone took action against him because of his race, sex, or age. He does not allege, for example, that the people who participated in his termination made discriminatory comments to or about him, or discriminated against others on the basis of race, sex, or age. Nor does he allege that he was fired in retaliation for complaining about discrimination.

(*Id.* at 2.)

### D. The third amended complaint.

Plaintiff filed his third amended complaint on September 6, 2013. (3d Amended Compl., Dkt. No. 15.) Therein, he identifies "termination of employment" and "retaliation for complaints of unfair treatment at the DaVita work place" as the bases for this lawsuit. (*Id.* at 1, 2.) He asserts that the defendant's conduct was discriminatory with respect to his race, sex, and age. (*Id.* at 2.)

In support of these assertions, he alleges the following facts, which are nearly identical to those Plaintiff alleged in the prior versions of his complaint. He "was the only black male RN

1  and older than the other staff members." (*Id.*, Attachment A at 1.)  He "[f]ound that [he] was
2  treated differently than the other non[-]black staff members.  Many times some of the other staff
3  members would be speaking non English . . . .  They would become angry when [he] requested
4  that they speak English." (*Id.*, Attachment A at 2.)  Many of the nurses' meetings were held
5  without notifying him, either "while [he] was on break . . . or while [he] was the only nurse left
6  on the floor monitoring patients." (*Id.*)  This resulted in "patient treatment delays for [him] . . . ."
7  (*Id.*)  Other staff members would start his patients' dialysis treatments "early without [his] Rn
8  [*sic*] safety assessment . . . ." (*Id.*)  This caused patient overload for him and "a safety question."
9  (*Id.*)  "Many patients [were] not properly [m]onitored by other staff . . . ." (*Id.*)  His patients
10 would become unstable during his breaks "requiring [him] to do time consuming interventions."
11 (*Id.*)  He had to "close out all patient care during that day 1-4th shifts." (*Id.*)  His patients would
12 be discharged without complete charting of their data. (*Id.*)  "This caused long delays for daily
13 closeout." (*Id.*)  His station "had greater than average machine [f]ailures." (*Id.*)  He requested
14 more training on the dialysis machines. (*Id.*)  He "was sent to the Davita clinic in Pleasanton . . .
15 [b]ut they had a different type of [m]achines." (*Id.*)  He was wrongfully terminated after making
16 "complaints of unfair treatment by the staff to Michelle Jones, Troy FA, and Theresa Deed-
17 Williams the regional operation director and Peter Clark the Divisional vise President." (*Id.*)
18 (capitalization and errors are as they appear in original).

### II.    LEGAL STANDARD

Under 28 U.S.C. section 1915(e)(2), a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . .  When a complaint pleads facts that

4

are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations and citation omitted).

Pro se pleadings are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S. at 106 (internal quotations and citations omitted).

Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   DISCUSSION

Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Title VII prohibits actions taken against an employee in retaliation for opposing an unlawful employment practice, or making a charge or participating in a Title VII investigation or proceeding. *Id.* § 2000e-3. To meet the pleading standards for a prima facie claim of retaliation, Plaintiff must allege facts showing that: 1) he engaged in a protected activity; 2) his employer subjected him to an adverse employment action; and 3) a causal link exists between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (citation omitted). An employee's opposition to an unlawful employment practice under Title VII, or participation in a Title VII investigation, can constitute protected activity. *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997) (citation omitted).

In his third amended complaint, Plaintiff asserts that he was discriminated against on the basis of his race, sex, and age and that he was terminated in retaliation for complaining about unfair treatment. (3d Amended Compl. at 2.) To support these assertions, he alleged a number

of facts relating to his workplace environment. (*See id.*) As the court has already explained in its order dismissing a Plaintiff's first amended complaint, which contained these same allegations: "The facts currently alleged[] only establish that there were a lot of problems with the way patients were treated when they came in for dialysis. No facts suggest that those problems occurred because of Plaintiff's race, sex, or age, or that his patients were treated differently than those of other similarly situated nurses based on sex, race, or age." (July 22, 2013 Order Dismissing 1st Amended Compl. at 3.)

In his third amended complaint, Plaintiff also alleges that he was wrongfully terminated after making "complaints of unfair treatment by staff to Michelle Jones, Troy FA, and Theresa Deed-Williams the regional operation director and Peter Clark the Division vise President." (3d Amended Compl., Attachment A at 2) (capitalization and errors are as they appear in original). Again, this court has already explained that:

> [P]laintiff has alleged that he was fired after he complained about unfair and unsafe practices at work, such as scheduling meetings without him, and failing to follow proper procedures with patients. But these unfair or unsafe activities are not discriminatory, and are not prohibited under Title VII. *See*, *e.g.*, *Lee v. Potter*, C 07-254 SBA, 2008 WL 4449568 (N.D. Cal. Oct. 1, 2008) (finding that the plaintiff had not engaged in protected activity within the meaning of Title VII where the "plaintiff engaged in activity to protest unfair employment practices, not discriminatory employment practices"). Therefore, Plaintiff has not pled sufficient facts to show that he engaged in a protected activity under Title VII.

(July 22, 2013 Order Dismissing 1st Amended Compl. at 3.)

In light of the foregoing, Plaintiff's third amended complaint does not comply with the instructions set out in the court's order dismissing Plaintiff's second amended complaint. (Aug. 16, 2013 Order Dismissing 2d Amended Compl. at 2.) In that order, the court advised Plaintiff that his third amended complaint would be his final opportunity to assert his claims. *(Id.)* Nonetheless, Plaintiff's third amended complaint does not state a claim upon which relief can be granted. Given that the court has provided Plaintiff three opportunities to amend his original complaint, which Plaintiff has used to reiterate the same insufficient allegations, the court finds that the deficiencies in Plaintiff's third amended complaint cannot be cured through amendment. *See Lopez*, 203 F.3d at 1127.

### IV. CONCLUSION

Accordingly, Plaintiff's third amended complaint is dismissed without leave to amend.

IT IS SO ORDERED.

DATE: October 11, 2013

KANDIS A. WESTMORE
United States Magistrate Judge